1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| ANGEL R. TREVINO, ) | Case No. CV 12-7740 JC |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND ORDER OF REMAND AND ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE REPLY |
| ) | |
| CAROLYN W. COLVIN,[1] ) Acting Commissioner of Social ) Security, ) | [DOCKET NOS. 13, 18, 19] |
| Defendant. ) | |
| _____ | |

18

## I.    SUMMARY

19
20
21
22

On September 13, 2012, plaintiff Angel R. Trevino ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

23
24

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").[2]  The

25
26
27
28

[1]Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

[2]Plaintiff's Request for Leave to File Reply is denied.

1  Court has taken both motions under submission without oral argument.  See Fed.

2  R. Civ. P. 78; L.R. 7-15; September 17, 2012 Case Management Order ¶ 5.

3      Based on the record as a whole and the applicable law, the decision of the

4  Commissioner is REVERSED AND REMANDED for further proceedings

5  consistent with this Memorandum Opinion and Order of Remand.

6  **II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

7  **       DECISION**

8      On September 4, 2009, plaintiff filed applications for Supplemental Security

9  Income and Disability Insurance Benefits.[3]  (Administrative Record ("AR") 10,

10 123, 130).  Plaintiff asserted that he became disabled on December 31, 1995 (later

11 amended to September 4, 2009) due to depression, anxiety attacks, attention

12 deficit disorder (ADD), and attention deficit hyperactivity disorder (ADHD).  (AR

13 158).  The Administrative Law Judge ("ALJ") examined the medical record and

14 heard testimony from plaintiff (who was represented by counsel), plaintiff's

15 fiancée, Linda Morgan, and a vocational expert on July 11, 2011.  (AR 38-57).

16     On July 29, 2011, the ALJ determined that plaintiff was not disabled

17 through the date of the decision.  (AR 10-18).  Specifically, the ALJ found:

18 (1) plaintiff suffered from the following severe impairments:  bipolar disorder (not

19 otherwise specified) and polysubstance dependence in partial remission (AR 12);

20 (2) plaintiff's impairments, considered singly or in combination, did not meet or

21 medically equal a listed impairment (AR 13); (3) plaintiff retained the residual

22 functional capacity to perform a full range of work at all exertional levels but was

23 limited to simple repetitive tasks requiring only occasional interaction with the

24 general public, coworkers, and supervisors, although plaintiff could work side-by-

25 side (AR 14); (4) plaintiff had no past relevant work (AR 16); (5) there are jobs

26

27     [3]Since plaintiff's alleged onset date, once amended to September 4, 2009, fell after
   plaintiff's date last insured (i.e., December 31, 1996), the ALJ dismissed plaintiff's application
28 for Disability Insurance Benefits.  (AR 10).

that exist in significant numbers in the national economy that plaintiff could perform, specifically auto detailer and farm worker (AR 17); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 15).

The Appeals Council denied plaintiff's application for review.  (AR 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)    Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)    Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

1    (4)    Does the claimant possess the residual functional capacity to

2           perform claimant's past relevant work?  If so, the claimant is

3           not disabled.  If not, proceed to step five.

4    (5)    Does the claimant's residual functional capacity, when

5           considered with the claimant's age, education, and work

6           experience, allow the claimant to adjust to other work that

7           exists in significant numbers in the national economy?  If so,

8           the claimant is not disabled.  If not, the claimant is disabled.

9    Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

10   Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at

11   1110 (same).

12          The claimant has the burden of proof at steps one through four, and the

13   Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

14   F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch

15   v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of

16   proving disability).

17          **B.     Standard of Review**

18          Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

19   benefits only if it is not supported by substantial evidence or if it is based on legal

20   error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

21   2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

22   (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

23   mind might accept as adequate to support a conclusion."  Richardson v. Perales,

24   402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

25   mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

26   Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

27          To determine whether substantial evidence supports a finding, a court must

28   "'consider the record as a whole, weighing both evidence that supports and

4

1   evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v.</u>
2   <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d
3   953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
4   or reversing the ALJ's conclusion, a court may not substitute its judgment for that
5   of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

6   **IV.   DISCUSSION**

7           Plaintiff contends a reversal or remand is warranted because the ALJ
8   (1) failed properly to consider plaintiff's allegations of disabling psychological
9   symptoms and failed to provide clear and convincing reasons for discounting
10  plaintiff's subjective complaints; and (2) failed adequately to evaluate lay
11  testimony supplied by plaintiff's fiancée, and to provide sufficient reasons for
12  rejecting such lay evidence.  (Plaintiff's Motion at 14-17).  The Court agrees.  As
13  the Court cannot find that the ALJ's errors were harmless, a remand is warranted.

14          **A.   A Remand is Appropriate Because the ALJ Failed Properly to**
15               **Evaluate Plaintiff's Credibility and the Court Cannot Find Such**
16               **Error Harmless**

17               **1.   Pertinent Facts**

18          At the administrative hearing, plaintiff testified that his "depression, []
19  anxiety, and [] stress" limited his ability to work.  (AR 42, 50).  When asked
20  "[w]hat would prevent [him] from doing a job with simple work," plaintiff
21  testified:  "I lose track, I get frustrated easily.  My depression keeps me a lot from
22  working and being comfortable in a work environment."  (AR 50-51).  Plaintiff
23  also testified that when he was in school he had trouble performing even though
24  he had been placed in "special education."  (AR 51).

25               **2.   Pertinent Law**

26          "To determine whether a claimant's testimony regarding subjective pain or
27  symptoms is credible, an ALJ must engage in a two-step analysis."  <u>Lingenfelter v.</u>
28  <u>Astrue</u>, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  First, "the ALJ must determine

1  whether the claimant has presented objective medical evidence of an underlying

2  impairment 'which could reasonably be expected to produce the pain or other

3  symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.

4  1991) (en banc)).

5       "Second, if the claimant meets this first test, and there is no evidence of

6  malingering, 'the ALJ can reject the claimant's testimony about the severity of

7  [his] symptoms only by offering specific, clear and convincing reasons for doing

8  so.'" Lingenfelter, 504 F.3d at 1036 (citations omitted). "In making a credibility

9  determination, the ALJ 'must specifically identify what testimony is credible and

10 what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464

11 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "General findings are

12 insufficient." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citations

13 omitted); see also Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) ("The ALJ

14 must cite the reasons why the claimant's testimony is unpersuasive.") (citation and

15 quotation marks omitted).

16      In weighing credibility, the ALJ may consider factors including:  the nature,

17 location, onset, duration, frequency, radiation, and intensity of any pain;

18 precipitating and aggravating factors (e.g., movement, activity, environmental

19 conditions); type, dosage, effectiveness, and adverse side effects of any pain

20 medication; treatment, other than medication, for relief of pain; functional

21 restrictions; the claimant's daily activities; and "ordinary techniques of credibility

22 evaluation." Bunnell, 947 F.2d at 346 (citing Social Security Ruling ("SSR")

23 88-13) (quotation marks omitted).  The ALJ may also consider (1) inconsistencies

24 or discrepancies in a claimant's statements; (2) inconsistencies between a

25 claimant's statements and activities; (3) exaggerated complaints; and (4) an

26 unexplained failure to seek treatment. Thomas v. Barnhart, 278 F.3d 947, 958-59

27 (9th Cir. 2002).  Although an ALJ may not discredit a claimant's subjective

28 symptom testimony solely because it is not substantiated affirmatively by

6

1   objective medical evidence, the lack of medical evidence is a factor that the ALJ

2   may consider in assessing credibility.  See Burch, 400 F.3d at 681; see also

3   Reddick, 157 F.3d at 722 ("Once the claimant produces medical evidence of an

4   underlying impairment, the Commissioner may not discredit the claimant's

5   testimony as to the severity of symptoms merely because they are unsupported by

6   objective medical evidence.") (citation omitted).

7        If properly supported, the ALJ's credibility determination is entitled to

8   "great deference."  See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

9                    **3.    Analysis**

10        Defendant argues that the ALJ properly discounted the credibility of

11   plaintiff's subjective symptom testimony because (1) the objective medical

12   evidence did not fully support plaintiff's complaints; (2) plaintiff's psychological

13   symptoms were reduced with conservative medication treatment; (3) plaintiff

14   rarely sought or received psychiatric treatment; (4) the medical opinions regarding

15   the nature, severity and effect of plaintiff's alleged symptoms undermined

16   plaintiff's claim of disability; and (5) there were inconsistencies between

17   plaintiff's testimony and the record, specifically (a) although the ALJ noted that

18   the record indicated that plaintiff had a previous alcohol abuse problem, at the

19   hearing plaintiff did not acknowledge his past drinking problem and stated that he

20   drank only occasionally, (b) plaintiff initially testified that he had only completed

21   seventh grade but changed his answer when the ALJ pointed out that the record

22   showed plaintiff had completed up to the eleventh grade, and (c) although plaintiff

23   testified that he had "lost his place" the month prior to the hearing, plaintiff's

24   fiancée testified that she and plaintiff had been homeless for two years.

25   (Defendant's Motion at 13-15).  The Court finds that a remand is warranted,

26   however, because the ALJ failed properly to provide clear and convincing reasons

27   for discrediting plaintiff's subjective complaints and the Court cannot conclude

28   that such error was harmless.

7

1    First, to the extent the ALJ discredited plaintiff's subjective symptom

2  testimony because, as defendant suggests, plaintiff "rarely sought or received

3  psychiatric treatment" (Defendant's Motion at 14); see Bunnell, 947 F.2d at 346

4  (In assessing credibility, ALJ may properly rely on plaintiff's unexplained failure

5  to request treatment consistent with alleged severity of symptoms), the record does

6  not support such a credibility finding.  Here, plaintiff testified that he received

7  treatment from Dr. Ginsberg in Long Polk [sic], but was forced to stop after he

8  moved to Santa Barbara and plaintiff's friend no longer could drive him to such

9  appointments.  (AR 45-46, 49-50).  As the ALJ noted, plaintiff also testified that

10  he was treated for eight months through the Sanctuary Psychiatric Center,[4] and had

11  been receiving individual mental health counseling from interns at the Fellowship

12  Club since April of 2011 (when plaintiff first became aware of the program).  (AR

13  15, 42-44).  In addition, plaintiff testified that he had also "made a lot of attempts

14  to get [additional] treatment," but had not succeeded because he "wasn't smart

15  enough to do it or know how to get it." (AR 46).  For example, plaintiff said a

16  mental health worker at the Sanctuary Psychiatric Center attempted to help but,

17  other than Dr. Ginsberg, found no provider who offered mental health treatment to

18  someone without insurance.  (AR 45).  As the ALJ acknowledged, plaintiff also

19  sought treatment from C.A.R.E.S., but was turned down because he did not qualify

20  for the program.  (AR 15, 43, 50).  The foregoing suggests that plaintiff had

21  received treatment whenever it was available, and that any failure to obtain

22

_____

23    [4]To the extent the ALJ suggests that plaintiff had not sought treatment at Sanctuary
Psychiatric Center to alleviate disabling psychological symptoms because plaintiff's participation
24  in the program was "court ordered" and the treatment plaintiff received was "related to his
substance abuse" (AR 15), the ALJ does not present clear and convincing reasons for discrediting
25  plaintiff's testimony.  Here, an evaluation prepared by the director of the Sanctuary Dual
Diagnosis Program suggests that plaintiff was receiving treatment for both substance abuse and
26  other mental health issues.  (AR 451-53).  Evidence that the Sanctuary program was, as plaintiff
conceded, "court ordered" does not clearly and convincingly demonstrate an "unexplained
27  failure" to seek needed treatment.

28

1  additional treatment was not caused by lack of effort on the part of plaintiff, but
2  instead by an inability to locate affordable treatment.  An ALJ may not reject
3  symptom testimony where, like here, a claimant provides "evidence of a good
4  reason for not [seeking treatment]."  Smolen v. Chater, 80 F.3d 1273, 1284 (9th
5  Cir. 1996) (citations omitted); cf. Pate-Fires v. Astrue, 564 F.3d 935, 945-47 (8th
6  Cir. 2009) (claimant's failure to seek or follow recommended "regular, frequent
7  treatment" would not preclude a finding of "disability" where claimant's
8  noncompliance is due to "a medically-determinable symptom of [claimant's]
9  mental illness") (citations omitted).

10      Similarly, to the extent the ALJ discounted plaintiff's credibility based on
11  the purported success of "conservative" treatment, such a finding is at odds with
12  the record.  The record belies defendant's assertion that "[plaintiff's] symptoms
13  were reduced with conservative medication treatment."  (Defendant's Motion at
14  14).  As the ALJ noted, although plaintiff testified that his depression "slowed
15  down" when he took Zoloft, plaintiff also stated that his medication did not relieve
16  his anxiety at all.  (AR 15, 44, 47).  Moreover, plaintiff testified that he was forced
17  to stop taking the medication because his "Public Health" insurance did not cover
18  psychiatric medication.  (AR 44-45).  Again, the ALJ was not permitted to
19  discredit plaintiff's testimony due to plaintiff's inability to afford the prescribed
20  treatment.  See Smolen, 80 F.3d at 1284 (citations omitted).

21      Second, defendant contends that the ALJ properly discounted plaintiff's
22  credibility due to "several inconsistencies between Plaintiff's testimony and the
23  record."  (Defendant's Motion at 15); see Tonapetyan v. Halter, 242 F.3d 1144,
24  1148 (9th Cir. 2001) ("In assessing the claimant's credibility, the ALJ may use
25  'ordinary techniques of credibility evaluation,' such as considering the claimant's
26  reputation for truthfulness and any inconsistent statements in her testimony.").
27  The purported inconsistencies, however, are based on inaccurate characterizations
28  of plaintiff's testimony or overstatements of the record, and therefore cannot

9

1  support discounting plaintiff's credibility.  See Regennitter v. Commissioner of

2  Social Security Administration, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific

3  finding" that consists of an "inaccurate characterization of the evidence" cannot

4  support an adverse credibility determination).  For example, the ALJ stated that

5  "[a]lthough the record [] indicated alcohol abuse, [plaintiff] said he is not an

6  'every day' drinker and drinks only occasionally."  (AR 15).  Defendant suggests

7  that the foregoing undermines plaintiff's credibility because it shows that

8  "[p]laintiff did not acknowledge his past drinking problem."  (Defendant's Motion

9  at 15).  The record, however, does not plausibly support such an inference.  At the

10 hearing, plaintiff admitted that he was a "former heroin addict," and that he had

11 last used "illegal substances" in October 1, 2009.  (AR 46-47).  Thereafter, the

12 ALJ also asked plaintiff if he presently "continue[d] to use alcohol," to which

13 plaintiff replied "I do drink occasionally.  I'm not [an] everyday drinker."  (AR

14 47).

15       In addition, the ALJ wrote in her decision "[plaintiff's] testimony that he

16 was in special education and completed only the seventh grade is not supported by

17 documentary evidence, which indicates an eleventh grade education."  (AR 16).

18 Defendant argues that plaintiff lacked credibility because plaintiff testified that he

19 had completed seventh grade, but "changed his answer" when the ALJ pointed out

20 "that the record showed that [plaintiff] completed up to the eleventh grade."

21 (Defendant's Motion at 15).  This somewhat overstates the record.  At the hearing,

22 plaintiff initially testified that he had only completed seventh grade.  (AR 41).

23 When the ALJ questioned why "somebody said that [plaintiff] had gone through

24 the 11th grade," plaintiff reasonably explained that while his juvenile hall records

25 stated that he completed 11th grade, he had been in special education classes and

26 "tested only at seventh grade level."  (AR 41-42).

27       Defendant also argues that plaintiff lacks credibility because plaintiff's

28 testimony regarding his living arrangements conflicted with that of plaintiff's

1   fiancée.  (Defendant's Motion at 15) (citing AR 16, 48, 52).  Nonetheless, the ALJ

2   did not, as defendant suggests, expressly discredit plaintiff on such grounds.  (AR

3   16).  This Court is constrained to review the reasons cited by the ALJ.  Connett v.

4   Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); see also Molina, 674 F.3d at 1121

5   (citing Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196

6   (1947)) ("[courts] may not uphold an [ALJ's] decision on a ground not actually

7   relied on by the agency").  Even so, plaintiff's testimony that between May 2010

8   and the date of the hearing (i.e., July 2011) he and his fiancée had attempted to

9   live in several places, including with their grandson's family, was not materially

10  inconsistent with the fiancée's testimony that she and plaintiff had been homeless

11  for two years, but had stayed with her grandson's family at one point.  (Compare

12  AR 48 with AR 52-53).

13      Finally, defendant suggests that the ALJ discredited plaintiff due to a lack of

14  objective medical evidence to support plaintiff's subjective symptom testimony

15  (Defendant's Motion at 14) (citing AR 14-16, 430).  As detailed above, the ALJ

16  did not provide any other clear and convincing reason for discounting plaintiff's

17  credibility.  Lack of objective medical evidence to support subjective symptom

18  testimony cannot be the sole basis for discounting such testimony.  See Burch, 400

19  F.3d at 681; Reddick, 157 F.3d at 722; see, e.g., Combs v. Astrue, 387 Fed. Appx.

20  706, 709 (9th Cir. 2010) (legal error for ALJ to discredit claimant's subjective

21  symptom testimony merely because it is unsupported by objective medical

22  evidence) (citation omitted).

23      The Court cannot conclude that the above errors were harmless because it

24  cannot "confidently conclude that no reasonable ALJ, when fully crediting the

25  [plaintiff's] testimony, could have reached a different disability determination."

26  Stout, 454 F.3d at 1055-56.  Therefore, a remand is warranted to permit the ALJ to

27  reassess plaintiff's credibility.

28  ///

11

**B.**   **A Remand Is Also Appropriate Because the ALJ Failed Properly to Consider Competent Lay Testimony and the Court Cannot Find Such Error Harmless**

**1.**   **Pertinent Facts**

Plaintiff's fiancée, Linda Marie Morgan, testified at the administrative hearing, and stated that plaintiff (i) has a very short attention span; (ii) is easily frustrated when doing certain tasks; (iii) becomes fatigued and needs to take naps two to three times per day; (iv) easily gets frustrated with other people and "doing things" during the day; (v) gets depressed and will not eat, loses interest in going out, shuts "everything" out, and loses his desire to "do anything" or associate with other people; (vi) has trouble remembering things; (vii) is unable to follow directions easily, in part because he forgets the instructions and is too embarrassed to ask people to repeat themselves; and (viii) has some difficulty "understanding concepts" and "what's expected of him."  (AR 53-54).

**2.**   **Pertinent Law**

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to the witness for doing so.  Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter, 166 F.3d at 1298 (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot

1    consider the error harmless unless it can confidently conclude that no reasonable
2    ALJ, when fully crediting the testimony, could have reached a different disability
3    determination." Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

4             **3.    Analysis**

5             As the above-stated facts reflect, the lay statements of Ms. Morgan are, on
6    the whole, consistent with, and corroborate plaintiff's testimony regarding the
7    extent of his symptoms and limitations.  Such testimony was competent lay
8    evidence that the ALJ was required to take into account unless she expressly
9    determined to disregard it and gave reasons therefor.  Nonetheless, as plaintiff
10   correctly points out (Plaintiff's Motion at 17), the ALJ simply summarized Ms.
11   Morgan's testimony, but gave no reasons at all for the ALJ's apparent rejection of
12   the lay testimony, much less reasons germane to Ms. Morgan.  (AR 16).

13            As defendant correctly notes, an ALJ may reject lay testimony to the extent
14   such testimony is essentially the same as a claimant's testimony which the ALJ
15   properly discredited.  See Valentine v. Commissioner of Social Security
16   Administration, 574 F.3d 685, 693-94 (9th Cir. 2009) (ALJ properly discounted
17   wife's testimony for same reasons used to discredit claimant's complaints which
18   were similar).  Here, however, as discussed above, the ALJ did not provide clear
19   and convincing reasons for rejecting plaintiff's own subjective complaints.
20   Therefore, the Court cannot conclude that the ALJ also gave germane reasons for
21   rejecting plaintiff's fiancée's similar statements.

22            The Court cannot deem the ALJ's failure properly to address the lay
23   evidence supplied by plaintiff's fiancée harmless.  Stout, 454 F.3d at 1055-56.  If
24   fully credited, Ms. Morgan's testimony corroborates and elaborates on plaintiff's
25   own description of his symptoms and limitations, and thus could have caused a
26   reasonable ALJ to reach a different disability determination.  Therefore, a remand
27   is warranted for the ALJ to reassess the lay testimony.
28   ///

1

**V.    CONCLUSION**[5]

2

    For the foregoing reasons, the decision of the Commissioner of Social

3

Security is reversed in part, and this matter is remanded for further administrative

4

action consistent with this Opinion.[6]

5

    LET JUDGMENT BE ENTERED ACCORDINGLY.

6

DATED:   March 22, 2013

7

_____
                                        /s/

8

                        Honorable Jacqueline Chooljian
                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

_____

19

20

    [5]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.  Nonetheless, on remand the ALJ may wish to reevaluate whether substantial evidence supported rejecting Dr. Harold Ginsberg's opinions due to the treating physicians's failure to provide plaintiff more than "limited and conservative treatment" considering that plaintiff may have provided a good reason for failing to seek additional treatment.  (AR 16).

21

22

23

24

    [6]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett, 340 F.3d at 876 (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).

25

26

27

28